UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA DOODY, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>RICHMAN PROPERTY SERVICES, INC. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-01557-JES-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO REMAND;**<br><br>**(2) DENYING MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 6, 13]** |

On July 31, 2024, Plaintiffs Nina Doody and Brandon Lee ("Plaintiffs") initiated this action against Defendant Richman Property Services, Inc. ("Richman") for violation of California's Investigative Consumer Reporting Agencies Act ("ICRAA") in the Superior Court of San Diego, State of California. ECF No. 1, Notice of Removal ("NOR"). On September 3, 2024, Richman removed this action to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See generally* NOR. On September 27, 2024, Plaintiffs filed a motion to remand. ECF No. 13 ("Motion"). Richman filed an opposition. ECF No. 21 ("Opp'n"). Richman also filed a motion to dismiss. ECF No. 6. Plaintiffs filed an opposition, and Richman filed a reply to such motion. ECF Nos. 15, 16. On January 8,

2025, the Court heard oral argument on all motions and took the matters under submission. ECF No. 22. After due consideration and for the reasons discussed below, the motion to remand is **GRANTED** and the motion to dismiss is **DENIED** as moot.

## I.   BACKGROUND

In 2024, Plaintiffs completed and submitted a rental application ("Application") to apply for an apartment unit in a building operated by Richman. NOR, Exh. A ("Compl.") ¶¶ 14, 17. The Application notified applicants that Richman may screen for criminal background and previous evictions. *Id*. ¶ 16. Richman did not provide a process for Plaintiffs to indicate that they wished to receive a copy of any report prepared in connection with their respective Applications, and it did not provide Plaintiffs with "a consent form or disclosure with a box to check as required by the ICRAA" in connection with such reports. *Id*. ¶ 22. Richman later processed Plaintiffs' Application and requested investigative consumer reports about each Plaintiff, obtaining at least two such reports about each Plaintiff. *Id*. ¶¶ 19, 21. Richman did not provide Plaintiffs a copy of any such reports. *Id*. ¶ 23.

On July 31, 2024, Plaintiffs filed this lawsuit in the Superior Court of San Diego, State of California. Compl. In their Complaint, Plaintiffs assert three causes of action: (1) violation of the ICRAA (Compl. ¶¶ 26-36); (2) failure to provide receipt for tenant screening (Compl. ¶¶ 37-42); and (3) invasion of privacy (Compl. ¶¶ 43-49). NOR ¶ 1. As relief, Plaintiffs request (1) general, compensatory, and punitive damages; (2) statutory damages; (3) interest; (4) attorneys' fees; (5) equitable relief and restitution; (6) declaratory judgment that Plaintiffs' Application and re-certification violates the ICRAA; (7) an injunction enjoining Richman from violating the ICRAA or refusing to rent to Plaintiffs; and (8) a writ of mandate and injunction requiring Richman to, among other things, comply with the ICRAA by including in its rental application an option for prospective applicants to receive a copy of any investigative consumer report and, if requested, providing the reports themselves. Compl., Request for Relief ¶¶ 1-11.

/ / /

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). In a case originally brought in state court, a defendant may remove the action to federal court if there is federal subject matter jurisdiction. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

"Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction." *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244, at *1 (S.D. Cal. July 6, 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Therefore, the "burden of establishing that removal is proper" always lies with the defendant. *Gaus*, 980 F.2d at 566. If there is any doubt as to the propriety of removal, the court shall reject federal subject matter jurisdiction. *Id.*; *see also Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court.").

Federal subject matter jurisdiction may arise based on federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332(a). In the notice of removal, Defendant states that this court has federal subject matter jurisdiction over the matter based on diversity jurisdiction. NOR ¶¶ 10-11. Further, to satisfy § 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1446, a defendant removing a civil action from state to federal district court must include "a short and plain statement of the grounds for removal," including as to the amount in controversy being met. 28 U.S.C. § 1446(a). Where a plaintiff challenges the defendant's allegation of jurisdiction under § 1332(a), § 1446 provides that "removal of the action is proper on the basis of an amount in controversy asserted [in the notice of removal] if the district court finds, by the preponderance of the evidence, that the

amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

In *Dart*, the Supreme Court recognized that this provision was added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 to "clarify[] the procedure in order when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* Even though *Dart* arose under the Class Action Fairness Act ("CAFA"), other courts within this district have applied this framework to non-CAFA cases. *See De Villing v. Sabert Corp.*, No. EDCV18-2201 JGB (KKx), 2018 WL 6570868, at *2 (C.D. Cal. Dec. 11, 2018) (noting that *Dart* interpreted 28 U.S.C.§ 1446 which applies equally to CAFA and general diversity jurisdiction cases and collecting cases applying *Dart* to non-CAFA cases).

Thus, the evidence that the Court may consider here includes "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Removal jurisdiction therefore cannot rely on "mere speculation and conjecture, with unreasonable assumptions." *Id*.

### III.   REQUEST FOR JUDICIAL NOTICE

Before addressing the merits of the motion, the court will first address the requests for judicial notice made by each party.

**A. Plaintiffs' Request for Judicial Notice**

Plaintiffs request the Court to take judicial notice of two Court orders granting motions to remand, *Calloway v. Richman Property Services, Inc.*, No. 2:24-cv-04232-ODW (SSCx), 2024 WL 4492045 (C.D. Cal. Oct. 15, 2024), identified as Exhibit A; and *Completo v. Richman Property Services, Inc.*, No. 2:24-cv-04233-ODW, 2024 WL

4492044 (C.D. Cal. Oct. 15, 2024), identified as Exhibit B. ECF No. 19, Request for Judicial Notice.

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Exhibits A and B are recent decisions relating to issues germane to this case, containing an opinion from within this circuit. "It is unnecessary to request that the court judicially notice published cases from California and federal courts … the Court routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed." *Lucero v. Wong*, No. C 10-1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 11, 2001); *see also BP West Coast Prods. LLC v. May*, 347 F. Supp. 2d 898, 901 (D. Nev. 2004) (noting judicial notice is unnecessary for courts to "take a case into account as non-binding precedent.") Thus, the request for judicial notice is **DENIED** as moot.

**B. Defendant's Request for Judicial Notice**

Richman requests the Court to take judicial notice of six exhibits:

1. Exhibit 1: Court Order on Motion for Attorney Fees, dated June 20, 2024, from *Lopez v. Barker Management Inc.*, Superior Court of California, Los Angeles County Case No. 22STCV35313;

2. Exhibit 2: Ruling on Motion for Attorneys' Fees, dated December 19, 2022, from *Woods v. Related Management Company, L.P.*, Superior Court of California, Los Angeles County Case No. 20STCV35870;

3. Exhibit 3: Copy of the First Amended Complaint, filed April 28, 2020, from *Elmi v. Related Management Co., L.P.*, Superior Court of California, Orange County Case No. 30-2019-01105181-CU-BT-CJC;

    4. Exhibit 4: Copy of the Complaint, filed March 19, 2020, from *Smith v. Abode Communities, LLC*, Superior Court of California, Los Angeles County Case No. 20STCV11372;

    5. Exhibit 5: Copy of the Complaint, filed November 4, 2022, from *Lopez v. Barker Management Inc.*, Superior Court of California, Los Angeles County Case No. 22STCV35313;

    6. Exhibit 6: Copy of the Complaint, filed September 18, 2020, from *Woods v. Related Management Company, L.P.*, Superior Court of California, Los Angeles County Case No. 20STCV35870.

ECF No. 21-1. Exhibits 1 and 2 are recent decisions by the Superior Court of Los Angeles County. The Court need not take judicial notice of these decisions to consider them. *See Lucero*, 2011 WL 5834963, at *5; *see also BP West Coast Prods. LLC v. May*, 347 F. Supp. 2d at 901. The request for judicial notice of Exhibits 1 and 2 are **DENIED** as moot. Exhibits 3-6 are all court filings, specifically complaints. The Court takes judicial notice of the filing of these documents, but not the truth of the facts cited therein. A court may take judicial notice of the existence of matters of public record, but not the truth of the facts cited therein that are subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *see also Interstate Nat. Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953) (holding a court may take judicial notice of records and reports of administrative bodies). The request for judicial notice of Exhibits 3-6 is **GRANTED**, subject to the limitations noted.

## IV. DISCUSSION

Plaintiffs seek to remand the case to state court, asserting that the amount in controversy does not exceed $75,000. Motion at 4. Defendants argue that the amount in controversy exceeds $75,000 based on the category of damages Plaintiffs assert, including: (1) statutory damages; (2) punitive damages; (3) attorney's fees; (4) injunctive relief; and (5) declaratory relief. Opp'n at 9-19. The same issues in this case were recently addressed in *Calloway v. Richman Property Services, Inc.*, and *Completo v. Richman Property*

*Services*. The same Plaintiff's attorneys and Defense attorneys were involved in *Calloway* and *Completo*. The Court adopts the reasoning and holding in *Calloway* and *Completo* and will briefly discuss the five categories of damages that Defendant argues contribute to an amount in controversy exceeding $75,000.

### A. Statutory Damages

Richman argues that Plaintiffs seek $20,000 per plaintiff in statutory damages as Plaintiffs allege that Defendant obtained at least two consumer reports about each Plaintiff. Opp'n at 10. Further, Richman argues that the $20,000 amount per plaintiff should be aggregated to $40,000 and together with attorneys' fees, costs and broad injunctive and declaratory relief exceeds $75,000. *Id*. at 19-20.

The ICRAA, requires, among other things, any person requesting an "investigative consumer report" to "[p]rovide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy" of such report. Cal. Civ. Code § 1786.16(b). The ICRAA provides for a minimum of $10,000 in damages for violations of the statue. *Id*. § 1786.50(a)(1).

Here, Plaintiffs claim they "are each entitled to statutory damages in the amount of $10,000 per investigative consumer report" and that Richman obtained "at least two" such reports about each of the Plaintiffs. Compl. ¶ 33.[1] For purposes of the jurisdictional analysis, Plaintiffs' claims are not aggregated. *See Calloway*, 2024 WL 4492045, at *2-4; *see also Completo*, 2024 WL 4492044, at *2-4. Because each Plaintiff seeks $10,000 of statutory damages per investigative consumer report, and each Plaintiff alleges that Defendant "obtained at least two" such reports per Plaintiff, Plaintiffs' claim for statutory damages supports only $20,000 amount in controversy per Plaintiff.

---

[1] In the Complaint, Plaintiffs allege that they "are each entitled to statutory damages in the amount of $10,000 per investigative consumer report" and that Richman "obtained at least two … reports about each of the Plaintiffs." Compl. ¶ 33. However, in the request for relief, Plaintiffs seek "statutory damages … on each cause of action … in the amount of $10,000 to each Plaintiff." *Id*., Request for Relief ¶ 3. Because it would not change this Court's ruling if Plaintiffs were seeking $10,000 per report or $10,000 per Plaintiff, the Court uses the higher amount—$10,000 per report and $20,000 per Plaintiff—in its analysis.

### B. Punitive Damages

Richman argues that Plaintiffs will likely seek up to nine times their damages as punitive damages. Opp'n at 11-12. Richman "provides the Court with no factual or legal basis by which to determine the likelihood" of such an award in this case. *Murph v. Richman Property Services, Inc.*, No. 2:24-cv-08545-ODW (SSCx), 2024 WL 4607698, at *4 (C.D. Cal. Oct. 29, 2024) (citing *Banuelos v. Colonial Life & Acc. Ins. Co.*, No. 2:11-cv-08955-JHN (AGRx), 2011 WL 6106518, at *2 (C.D. Cal. Dec. 8, 2011)); *see also Dressler v. Hartford Fin. Servs. Grp., Inc.*, No. 2:14-cv-02134-MMM (MANx), 2014 WL 12560796, at *7 (C.D. Cal. June 19, 2024) ("The mere fact that a plaintiff seeks punitive damages, however, is not sufficient, standing alone, to establish that the amount in controversy exceeds the jurisdictional threshold."). Therefore, inclusion of these damages "in the amount in controversy would be improper." *Hulse v. Bethesda Lutheran Cmtys., Inc.*, No. ED CV 18-0262 FMO (KKx), 2018 WL 1033223, at *3 (C.D. Cal. Feb. 23, 2018). For the same reasons, the Court cannot consider the other purported monetary damages, including compensatory, general, emotional distress damages, and invasion of privacy damages.

### C. Attorneys' Fees

Richman argues that if Plaintiff is successful, significant attorney's fees in excess of $75,000 would likely result in this case and cites to four cases, as examples of ICRAA cases where Plaintiffs' counsel, Mr. Murphy, was involved that resulted in substantial attorney fee awards. Opp'n at 13-15. Defendants cite to *Elmi v. Related Mgmt. Co., L.P.*, No. G061379, 2023 WL 6210756 (Cal. Ct. App. Sept. 25, 2023) as an example of a case where a plaintiff sought more than $300,000 in attorneys' fees; *Smith v. Abode Communities, LLC*, No. 20STCV11372, 2022 WL 17752962 (Cal. Super. Ct. Oct. 11, 2022) as an example of a case where the court awarded $147,690 in attorneys' fees; *Lopez v. Barker Mgmt., Inc.*, No. 22STCV35313 (Cal. Super. Ct. Jun. 20, 2024) as an example of a case where the court awarded $54,158.50 in attorneys' fees; and *Woods v. Related Mgmt.*

*Co., L.P.*, No. 20STCV35870 (Cal. Super. Ct. Dec. 19, 2022) as an example of a case where the court awarded $34,133 in attorneys' fees. Opp'n at 15-16.

Under the ICRAA, a plaintiff may recover "the costs of the action together with reasonable attorney's fees as determined by the court." Cal. Civ. Code § 1786.50(a)(2). The Ninth Circuit has held that attorneys' fees awarded under fee-shifting statutes can be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). However, "a removing defendant" must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). As such, a "district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id*. Although a defendant can "meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases must be similar enough to the case at hand that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of N. Am., LLC*, No. 21-CV-857 TWR (AGS), 2021 WL 4352340, at *6 (S.D. Cal. Sept. 24, 2021).

Here, Richman fails to meet its burden with respect to attorneys' fees. None of the cases Richman cites supports their argument. First, in *Elmi*, even though the plaintiff sought more than $300,000 in attorneys' fees, the appellate court did not award $300,000 in attorneys' fees, but instead affirmed the trial court's $19,440 attorneys' fees award. *Elmi*, 2023 WL 6210756, at *1, 4.

Second, in *Smith*, despite the case concerning an ICRAA claim litigated by Plaintiffs' counsel, the Court cannot conclude that the case is comparable to this one such "that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan*, 2021 WL 4352340, at *6. Further, attorneys' fees may be less here than the typical case, including *Smith*, because Plaintiffs' counsel is representing numerous Plaintiffs in this district and the Central District of California in nearly identical cases against Richman

where the parties have filed nearly identical motions. This duplication of work would more likely than not lead to a reduced attorneys' fees award on a per-Plaintiff basis.

Next, in *Lopez*, the court consolidated seven total cases and awarded attorneys' fees for work done in all seven cases. Opp'n, Exh. 1 at 1, 2, 7. Other than having the same counsel in the prior cases as the current case, Richman does not explain how *Lopez* is similar to the case at hand and how it would be more likely than not that the Plaintiffs may incur a similar fee award. Nonetheless, even if the Court were to credit the $54,158.50 fee award in *Lopez* or the $34,133 fee award in *Woods*, those numbers would not raise the amount in controversy here to exceed $75,000.

Because the removal statute is strictly construed, and all doubts are resolved in favor of remand, the Court finds that Richman fails to submit adequate evidence substantiating any attorneys' fees. Accordingly, the Court does not consider attorneys' fees in its amount in controversy calculation.

**D. Injunctive Relief**

Richman argues that the costs of Plaintiffs' requested injunctive relief "would be extremely costly," because it would require it to "overhaul[]" the "entire application and leasing processes for all 19 buildings that it operates in California." Opp'n at 16. In a declaration, Theresa Eastwood Davis ("Davis Decl."), Richman's president, states that she "cannot yet determine the cost of the requested injunction with exact precision," but provides "one data point for assessing the vast cost"—Richman's leasing and application software contract costs more than $42,000 per year. ECF 21-11, Davis Decl. ¶ 4. Ms. Davis also asserts that Richman will "need to create training materials and deliver training to over 40 California employees on these new systems." *Id*.

Richman made the same argument in *Calloway*, and for the same reasons noted in *Calloway*, the Court finds Richman's assertions do not support an amount in controversy for compliance with injunctive relief and provides no basis for this Court to determine what the amount should be for purposes of the jurisdictional analysis.

/ / /

### E. Declaratory Relief

Richman argues that the costs of complying with Plaintiffs' requested declaratory relief satisfies the amount in controversy. Opp'n at 17. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 775 (9th Cir. 2017); *accord Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, the "object of the litigation" is a declaration that rental applications and annual re-certifications are void. Compl. ¶ 51, Request for Relief ¶ 8. Richman argues that declaratory relief, in conjunction with equitable relief and restitution, could cost it as much as $32,242 (the rent due throughout Plaintiffs' lease). Opp'n at 17. The Court cannot credit this amount because the rental agreement is not the "object of the litigation." Richman made the same argument in *Calloway*, and for the reasons discussed in *Calloway*, this Court cannot credit Richman's speculative claims.

Therefore, for purposes of the jurisdictional analysis, Richman has proven $20,000 in controversy per Plaintiff. Even assuming some amount in controversy for attorneys' fees, injunctive and declaratory relief and other monetary damages, the amount in controversy is below the $75,000 threshold required for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 13), and **REMANDS** this case to the Superior Court of California, County of San Diego, Case 24CU004067C. Consequently, the Court **DENIES** Richman's Motion to Dismiss (ECF No. 6), as moot.

/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS SO ORDERED.**

Dated: April 10, 2025

Honorable James E. Simmons Jr.
United States District Judge